**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| GALDERMA LABORATORIES, L.P., GALDERMA S.A., and DERMALOGIX PARTNERS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>PERRIGO CO. and PERRIGO ISRAEL PHARMACEUTICALS LTD., <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 3:09-cv-02322-M ) ) ) ) ) ) ) |

**REPLY IN SUPPORT OF DEFENDANT PERRIGO ISRAEL'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
RELATED TO THE *PADDOCK* LITIGATION**

I. **INTRODUCTION.**

In opposing this motion, Plaintiffs seek to further delay the production of highly relevant documents. But Perrigo already has waited months for, and has put forth considerable effort to obtain, the requested *Paddock* Litigation documents and Plaintiffs cite no basis for denying Perrigo access to the requested documents. The requested documents are in Plaintiffs' possession, they are highly relevant to asserted defenses in this case, and nothing – including the protective order in the *Paddock* Litigation – should prevent this Court from compelling their production. Respectfully, Perrigo's motion to compel should be granted.

II. **ARGUMENT.**

None of Plaintiffs' efforts to avoid producing discovery directly related to Perrigo's defenses has merit. First, Plaintiffs represent that they complied with the *Paddock* Litigation protective order by providing Paddock with notice of this motion in sufficient time for Paddock to intervene if it wished to do so. Paddock has not indicated that it wishes to intervene. Second, this Court has the authority to order Plaintiffs to produce the requested third-party documents, and if this Court does so, Plaintiffs' production will not constitute a violation of the *Paddock* protective order, as the order itself makes clear. Third, Plaintiffs are responsible for complying with their Rule 26 obligations in this case and cannot impose those obligations onto third party Paddock. Plaintiffs have possession of the requested information and can lawfully produce them pursuant to an order from this Court. Plaintiffs should do so immediately. Finally, Plaintiffs' counsel conceded prior to Perrigo's filing of this motion that Plaintiffs were withholding production solely based on the *Paddock* Litigation protective order. Plaintiffs never questioned the relevance of this information, and their attempt to do so for the first time in their opposition brief fails. Again, the requested documents relate directly to Perrigo's defenses to

Plaintiffs' infringement claims.  Plaintiffs cannot assert infringement, then deny the relevance of discovery related to Perrigo's defenses.  Plaintiffs should be compelled to produce the requested documents without further delay.

    **A.    Paddock Had Sufficient Time To Intervene If It Had Wished To Do So – Paddock Did Not.**

Plaintiffs argue that Perrigo's motion cannot be resolved unless and until third-party Paddock has had an opportunity to intervene.  Plaintiffs cannot continue to deprive Perrigo of highly relevant discovery with this unfounded assertion.  According to Plaintiffs themselves, Paddock already *has* had sufficient opportunity to intervene, but Paddock elected not to do so.

The protective order in the *Paddock* Litigation requires that Plaintiffs, if "served with a demand in another action to which it is a party" seeking "information that was designated as 'Confidential' or "Highly Confidential' by a producing party in this action," shall "give prompt written notice to the other parties through their outside counsel to this litigation with sufficient time to afford the other parties to this litigation to intervene."   (App. at 96-97).[1]  According to Plaintiffs, they have complied with this provision, and thus, have given Paddock prompt notice and sufficient time to intervene.  (Pl. Br. at 5, 8-9).

Paddock, to Perrigo's knowledge, has not attempted to intervene with respect to this motion.  Plaintiffs have not represented that Paddock conveyed an intent to intervene, nor has Perrigo's counsel received any communication from Paddock to that effect.  And given that, as noted in Perrigo's opening brief, the only concern Paddock ever raised about production of the requested documents was that the Protective Order in this case had not been entered – a concern

---

[1] "App. at __" refers to Defendant Perrigo Israel's Appendix In Support Of Its Motion To Compel Production Of Documents Related To The *Paddock* Litigation, filed on November 19, 2010. "Pl. Br. at __" refers to Plaintiffs' Opposition To Defendant's Motion, filed December 10, 2010.  "Perrigo Br. at __" refers to the brief in support of Perrigo Israel's Motion to Compel, filed November 19, 2010.

2

mooted by entry of the Protective Order on November 2, 2010 – there would be no need for Paddock to intervene to address Perrigo's motion. (App. at 43, 51-52; App. at 53-69).

In any event, for the reasons set forth in Perrigo's opening brief, the Protective Order in this case more than adequately protects the requested *Paddock* Litigation documents and thus Paddock's presence or absence has no relevance to the outcome of this motion. (Perrigo Br. at 13-15). Plaintiffs' argument that Paddock must be given additional time to intervene simply is an attempt to further delay Perrigo's access to this important discovery.

### B. Plaintiffs Can Lawfully Produce The Requested Documents Pursuant To An Order From This Court.

Plaintiffs argue that ordering them to produce the requested *Paddock* Litigation documents would force them to violate the protective order in the *Paddock* Litigation. This is not the case, as the plain language of that protective order makes clear. More specifically, that protective order provides that if a party (such as Plaintiffs) is compelled by another court (such as this Court) to produce documents that a producing party (such as Paddock) has designated confidential, the party may comply with such an order:

> In the event any of the parties is (a) subpoenaed in another action, *(b) served with a demand in another action to which it is a party*, or (c) served with any other legal process by a person not a party to this litigation, *and is requested to produce or otherwise disclose information that was designated as "Confidential" or "Highly Confidential" by a producing party in this action*, the party subpoenaed or served as referred to in this Paragraph shall object to production of the Protected Information and shall give prompt written notice to the other parties through their outside counsel to this litigation with sufficient time to afford the other parties to this litigation to intervene. The notice shall include a copy of any such subpoena, demand or other legal process. *Should the person seeking access to the Protected Information take action against the party covered by this protective order* to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this protective order. ***Nothing in this protective order shall be construed as requiring the party covered by this protective order to challenge or appeal <u>any order requiring production of Protected Information covered by this protective order</u>, to subject itself to any***

3

> *penalties for noncompliance with any legal process or order or to seek any relief from this Court.*

(App. at 96-97 (emphasis added)). In arguing that production would result in a protective order violation, Plaintiffs' brief omits the bolded language, above. But this language is present in the *Paddock* protective order and it expressly provides, again, that complying with an order from this Court to produce the requested documents does ***not*** constitute a violation of the *Paddock* Litigation protective order.

Accordingly, for at least this reason, Plaintiffs cannot credibly argue that producing the requested documents pursuant to this Court's order would violate the *Paddock* protective order.[2]

### C.  Perrigo Properly Directed Its Motion To Plaintiffs.

Plaintiffs also argue that Perrigo should seek the requested documents from Paddock via a Rule 45 subpoena. Not so. Plaintiffs cannot pass off their obligations under Rule 26 onto a third party. Further, it is well-settled that parties to litigation should seek documents and information from each other, not third parties, whenever possible.

As set forth in Perrigo's opening brief, a party to litigation can seek and obtain confidential third-party documents that are in the opposing party's possession, custody, or control, without need to resort to subpoenaing such documents from the third-party. (Perrigo Br. at 11-13). Indeed, this is regularly and routinely done. Thus, a motion to compel the production of third-party documents from a party is entirely proper and consistent with the Federal Rules and relevant case law. *See, e.g.*, *JAB Distrib., LLC v. London Luxury, LLC*, No. 09-5831, 2010

---

[2] Plaintiffs' arguments that the *Paddock* documents have been designated confidential under a protective order versus a private agreement are irrelevant, especially given the language in the *Paddock* protective order allowing production pursuant to a Court order. *See, e.g.*, *In re Wellbutrin XL Antitrust Litigation*, 268 F.R.D. 539, 542 (E.D. Pa. 2010); App. at 102-08.

4

WL 4008193, at *3-*4 (N.D. Ill. Oct. 13, 2010) (compelling party to produce third party confidential information); *Opperman v. Allstate New Jersey Ins. Co.*, No. 07-1887, 2008 WL 5071044, at *4 (D.N.J. Nov. 24, 2008) (same); *Sedona Corp. v. Open Solutions, Inc.*, 249 F.R.D. 19, 24-25 (D. Conn. 2008) (same); *In re Wellbutrin XL Antitrust Litigation*, 268 F.R.D. at 542 (same).

Plaintiffs have an obligation to produce relevant discovery (and the requested documents unquestionably are relevant); Plaintiffs have the requested documents; Plaintiffs have the ability to produce the requested documents pursuant to an order from this Court; and Plaintiffs have an obligation to do so if ordered. Nothing in the case law or Federal Rules permits Plaintiffs to avoid their obligation. Plaintiffs initiated this litigation and should be required to produce the documents Perrigo seeks so that Perrigo has a full and fair opportunity to defend itself against Plaintiffs' infringement allegations.

Further, under the case law, serving Paddock with a subpoena for documents *already in Plaintiffs' possession* could be viewed as unduly and unnecessarily burdensome on third-party Paddock, in contravention of Federal Rule of Civil Procedure 45(c)(1). That rule requires a party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(c)(1). Courts have held that it would unduly burden a third party to have to respond to a Rule 45 subpoena when the party issuing the subpoena could obtain the requested documents from a party-opponent to the litigation. *See, e.g.*, *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming district court's denial of motion to compel documents from a nonparty, stating that the documents should have been obtained from the party opponent rather than "burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing

5

third-party subpoena, stating "[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant"); *Morrow v. Air Ride Techs., Inc.*, No. 05-113, 2006 WL 559288, at *2 (S.D. Ind. Mar. 6, 2006) (denying motion to compel discovery from a third party where the discovery could be obtained from a party to the underlying litigation); *Kimberly-Clark Corp. v. Baxter Healthcare Corp.*, No. 93-6886, 1993 WL 524376, at *1 (N.D. Ill. Dec. 13, 1993) (discussing the Federal Circuit's affirmance in *Haworth*, where the court "refused to compel production of any . . . documents [via a subpoena] from the non-party without a showing that the material was wholly unavailable from the party in the main litigation."); *Aslani v. Sparrow Health Sys.*, No. 08-298, 2009 WL 5892914, at *2 (W.D. Mich. Nov. 30, 2009) (stating that when considering whether a third-party subpoena creates undue burden, the court should consider whether information is available from any other source).

Consequently, for this additional reason, Plaintiffs should be required to produce the requested documents. Perrigo need not incur the time and expense required to obtain discovery from third-party Paddock that Plaintiffs currently have and can lawfully produce.

### D. The Requested Documents Are Relevant And Discoverable.

Finally, there can be no legitimate dispute that the requested documents are relevant to the current case. Indeed, for months, the parties here engaged in discussions regarding production of these documents and Plaintiffs did not oppose production on relevance grounds. Not until their opposition brief did Plaintiffs for the first time argue, albeit without explanation or legal support, that the documents Perrigo seeks are of "limited relevance"/"barely relevant." (Pl. Br. at 9-10). As Plaintiffs well know, the requested documents are, in fact, highly relevant because they relate directly to the invalidity and/or unenforceability of the patent-in-suit in this case, and thus relate directly to Perrigo's litigation defenses. This is precisely why

6

Plaintiffs have already produced all requested *Paddock* Litigation documents except those containing information designated confidential by Paddock's counsel. Plaintiffs' belated relevance argument holds no weight.

Additionally, Plaintiffs' suggestion that Perrigo seeks *Paddock* Litigation documents in order to learn Paddock's competitive business information, rather than for legitimate reasons related to this litigation, is baseless. To begin, if Paddock felt this way, Paddock could have intervened and made the argument. That Paddock did not do so, by itself, demonstrates the meritless nature of Plaintiffs' suggestion. Plaintiffs' suggestion also is belied by the limited set of *Paddock* Litigation documents Perrigo seeks. Perrigo, as it repeatedly has articulated, does not seek confidential information solely concerning Paddock's ANDA. As such, it is not moving to compel every piece of paper that Paddock has produced to, or exchanged with, Plaintiffs in the *Paddock* Litigation. Where documents contain information relating to invalidity/unenforceability and also contain Paddock's ANDA formulation, the Paddock ANDA information can be redacted, to the extent such information is irrelevant to patent invalidity and/or unenforceability. And of course, this Court's Protective Order prohibits Perrigo from using Paddock's or Plaintiffs' confidential documents for purposes other than this litigation. (App. at 60, ¶ 9). Plaintiffs have no basis for suggesting that Perrigo would violate the Protective Order by misusing any information obtained in this case.

Finally, Plaintiffs' suggestion that Perrigo seeks these documents because Perrigo does not want to build its own defenses in this case also is incorrect. Perrigo has built, and continues to build, its own defenses. This is evidenced by, *inter alia*, the 300-plus pages of invalidity contentions and interrogatory responses that Perrigo already has served on Plaintiffs in

this case.  But Perrigo is entitled to all information Plaintiffs possess bearing on invalidity/unenforceability of the patent-in-suit in order to fully defend itself.

In any event, Plaintiffs' unsupported speculation about Perrigo's alleged motivations for seeking this material discovery are irrelevant, and should not detract from the obvious relevance of the documents sought.  Again, the documents Perrigo seeks relate to the construction, validity, and/or enforceability of the patent-in-suit here.  For this reason alone, they are properly discoverable and this Court has the power to compel production of them in this case. *See* FED. R. CIV. P. 26(b); *Ryan v. Flowserve Corp.*, No. 03-1769, 2006 WL 2079330, at *1 (N.D. Tex. May 31, 2006) (Boyle, J.); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.).

### III. CONCLUSION.

For at least the foregoing reasons, and the reasons set forth in its opening brief, Perrigo respectfully requests that this Court grant Defendant Perrigo Israel's Motion To Compel Production Of Documents Related To The *Paddock* Litigation and order Plaintiffs to produce all documents from the *Paddock* Litigation relating to the validity and/or enforceability of the '920 patent, regardless if filed under seal in the *Paddock* Litigation or designated as "confidential" by Paddock.  Such documents can, if appropriate, be designated "confidential" pursuant to the Protective Order in this case.

Dated:  December 17, 2010              Respectfully submitted,

PERRIGO ISRAEL PHARMACEUTICALS LTD.

By: /s/ Christine J. Siwik w/ permission

    Christine J. Siwik
        Admitted *Pro Hac Vice*
        csiwik@rmmslegal.com
    William A. Rakoczy
        Admitted *Pro Hac Vice*
        wrakoczy@rmmslegal.com
    Alice L. Riechers
        Admitted *Pro Hac Vice*
        ariechers@rmmslegal.com
    Gregory A. Duff
        Admitted *Pro Hac Vice*
        gduff@rmmslegal.com

**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, IL 60654
Tel: (312) 222.6304
Fax: (312) 222.6324

Jane Politz Brandt
    State Bar No. 02882090
    Jane.Brandt@tklaw.com
Matthew P. Harper
    State Bar No. 24037777
    Matt.Harper@tklaw.com
Vishal Patel
    State Bar No. 24065885
    Vishal.Patel@tklaw.com

**THOMPSON & KNIGHT LLP**
1722 Routh St., Suite 1500
Dallas, Texas 75201
Tel: (214) 969-1700
Fax: (214) 969-1751

**ATTORNEYS FOR DEFENDANTS PERRIGO COMPANY AND PERRIGO ISRAEL PHARMACEUTICALS, LTD.**

## CERTIFICATE OF SERVICE

I certify that the foregoing was served this 17th day of December 2010, upon the following counsel as indicated below.

**BY ECF:**

Michael C. Wilson
Texas State Bar No. 21704590
Jamil N. Alibhai
Texas State Bar No. 00793248
**MUNCK CARTER, LLP**
600 Banner Place
12770 Coit Road
Dallas, Texas 75251
Telephone: (972) 628-3600
Facsimile: (972) 628-3616

Stuart E. Pollack (*pro hac vice*)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4964
Fax: (212) 884-8464
stuart.pollack@dlapiper.com

                                                    /s/ Vishal Patel_____
                                                    Vishal Patel